UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CAROLE COLE COX                                    CIVIL ACTION

VERSUS                                             NO. 15-5967

HARRISON D. HANEY, ET AL.                          SECTION A(5)

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 6)** filed by

Defendant Interactive Brokers, LLC. Plaintiff Carole Cole Cox opposes the motion. The motion,

submitted to the Court on January 27, 2016, is before the Court on the briefs without oral

argument.

Plaintiff Carole Cole Cox filed this action in state court against Harrison D. Haney, Chase

Bank, and movant Interactive Brokers, LLC. Interactive Brokers removed the action to this Court

based on diversity jurisdiction.

Cox and defendant Haney previously shared a romantic relationship. During the course

of that relationship Haney allegedly battered Cox and defrauded her out of $209,770.00. The

Petition recounts a litany of misrepresentations—beginning with the claim that Haney managed a

"hedge fund" worth $40,000,000.00 of which $2,000,000.00 represented his personal assets—by

Haney over the course of a two-year period. (Rec. Doc. 1-2, Petition ¶ 9). Cox gave Haney

permission to invest $100,000.00 of her money in his hedge fund but he allegedly forged her

signature and removed $200,000.00 from her Capital One checking account. (*Id.* ¶ 15).

Movant Interactive Brokers is an online broker that provides trade execution and clearing

services to its customers. The crux of the complaint against Interactive Brokers is that Haney

used this financial service-provider to facilitate his acts of theft from Cox. (*Id.* ¶ 24). Specifically, in

December 2012 Haney opened an investment account with Interactive Brokers in Cox's name by forging her signature. (*Id.* ¶ 14). Haney used the Interactive Brokers account to receive the funds from Cox's Capital One account, and then later transferred the funds to other accounts for his own use. (*Id.* ¶¶ 15, 22). Cox contends that Interactive Brokers is liable to her for failing to exercise ordinary care by permitting Haney to open an account in her name without properly verifying her identity. (*Id.* ¶ 37).

Interactive Brokers now moves to dismiss Cox's complaint pursuant to Rule 12(b)(6). Interactive Brokers argues that it had no relationship with Cox and therefore owed her no duty of care. Interactive Brokers contends that Louisiana law is clear in that third-parties like Cox who lack privity with a broker or bank cannot sue in tort. Additionally, Interactive Brokers argues that the facts as pleaded do not support causation for the loss of Cox's funds given that it was clearly Haney's tortious and fraudulent actions that resulted in Cox's losses.

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To

avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

The substantive law governing Cox's claim against Interactive Brokers is the law of Louisiana. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). To determine Louisiana law in this diversity case the Court looks to the final decisions of the Louisiana Supreme Court. *Labiche v. Legal Sec. Life Ins. Co.*, 31 F.3d 350, 351 (5th Cir. 1995) (quoting *Trans. Gas Pipe Line Corp. v. Trans. Ins. Co.*, 953 F.2d 985, 988 (5th Cir. 1992)). If the state's highest court has not yet decided an issue of law then a federal court will consider decisions from the state's intermediate courts in determining what the state's highest court would decide. *Id.* (citing *Commissioner v. Estate of Bosch*, 387 U.S. 456, 465 (1967)).

Louisiana uses a duty-risk analysis to determine whether liability for negligence exists under the particular facts presented. *Posecai v. Wal-Mart Stores, Inc.*, 752 So. 2d 762, 765 (La. 1999). The threshold legal question in Louisiana's duty-risk analysis is whether the defendant owed the plaintiff a duty. *Id.* (citing *Meany v. Meany*, 639 So. 2d 229, 233 (La. 1994)). In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented, and factors such as fairness, prevention, and evolving social standards. *Id.*

The issue presented by Interactive Brokers' motion is whether Interactive Brokers owed Cox a legal duty of ordinary care given her lack of privity with this defendant. The Court has found no case to suggest that a bank or broker like Defendant owes a duty of care to a non-consumer with whom it never transacted business. In fact, another judge in this district has recognized an absence of authority for creating a duty of care where the plaintiff and online broker have no relationship. *Blanchard v. Lee*, No. 13-220, 2013 WL 5701667 at *2 (E.D. La. Oct. 18, 2013) (Africk, J.).

In *Kuebler v. Martin*, the Louisiana Supreme Court reversed an order granting an exception of no cause of action on behalf of a bank that had no relationship with the plaintiffs. 578 So. 2d 113 (La. 1991) (per curiam).[1] The trial court and the appellate court were convinced that the bank owed no duty to the plaintiffs because the bank had merely provided ordinary banking services, which certain individuals then used to perpetrate a ponzi scheme. The plaintiffs were not customers of the bank. But significantly, one of the bank's officers had encouraged the plaintiffs to invest in the ponzi scheme. The bank officer was not involved in the fraud but he had facilitated the scheme by lending the plaintiffs money to invest, and by issuing immediate credits for deposits. The facts suggested that the bank officer should have known better and should have been suspicious that a kiting scheme was taking place. The Supreme Court was convinced that the plaintiffs' allegations sufficed to state a claim against the bank in negligence given the bank officer's role in unwittingly facilitating the fraudulent scheme. *Id.* at 114.

*Kuebler* demonstrates that a bank can owe a legal duty to a fraud victim with whom it had no direct relationship. Thus, the duty question does not turn solely on whether or not Cox was a "customer." Under *Kuebler*, if there are facts present to suggest that the bank should have known

---

[1] The underlying facts for this per curiam opinion are detailed in *Autin v. Martin*, 576 So. 2d 72 (La. App. 5th Cir. 1991).

that its otherwise innocuous services were being used to perpetrate a fraud then a duty might be owed to the victim even where there is no customer relationship between the victim and the bank. But in Cox's case there are no such facts. Nothing in Cox's Petition or in her briefing suggests that Interactive Brokers should have known that Haney was using its services to defraud Cox out of money. Further, in *Kuebler* the bank's officer affirmative conduct, even though wholly innocent and non-fraudulent, had facilitated the fraudulent scheme. This case involves no affirmative conduct by Interactive Brokers that helped Haney to dupe Cox. In fact, Cox didn't know what Haney was doing and nothing suggests that Interactive Brokers was in a better position than Cox to know that a fraud was being perpetrated.

But even assuming that Interactive Brokers' acts were those of omission, *i.e.*, that it failed to verify that Haney was authorized to open an account in Cox's name, Interactive Brokers argument challenging causation is difficult to reject. Haney managed to withdraw more than $200,000.00 from Cox's Capital One account without her permission or knowledge. It would seem that the theft was complete once Haney obtained the funds. No facts suggest that the presence of Cox's name on the joint account with Interactive Brokers was necessary to consummate the theft. Therefore, the Court agrees that Cox's losses were not caused by any fault on the part of Interactive Brokers in allowing Haney to open a joint account that included Cox's name.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the : **Motion to Dismiss (Rec. Doc. 6)** filed by Defendant

Interactive Brokers, LLC is **GRANTED** and the complaint is **DISMISSED** as to this defendant.

February 23, 2016

JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE